# Bowen *v.* The State.

## *Murder.*

(Decided June 5, 1913. . 62 South. 1022.)

*Jury; Venire; Qualifying; Method.*—While the better practice in a capital case is to take each juror separately on his voir dire examination as to qualification and competency, the fact that the entire venire was qualified in a body, did not render the action of the court in that particular harmful to defendant, but will be regarded as an ill chosen method authorized for facilitating business.

APPEAL from Talladega City Court.

Heard before HON. CECIL BROWNE.

Tom Bowen was convicted of manslaughter and he appeals. Affirmed.

[Bowen v. The State.]

No counsel marked for appellant.

R. C. BRICKELL, Attorney General, and W. L. MARTIN, Assistant Attorney General, for the State.

PELHAM, J.—It is the better practice for the presiding judge, in examining the persons who appear in court to serve as jurors in a case that may be punished capitally, to examine them separately on their voir dire examinations touching their qualifications and competency, and not to qualify them in a body, as is shown by the bill of exceptions to have been done in this case; but at most this could only be considered as an authorized but ill-chosen expedient adopted by the court for facilitating the trial, for there is no requirement of law that the examinations shall be separately made. The action of the court in this particular, although shown to be against the objection of the defendant, would not constitute error that would require a reversal of the judgment appealed from.

No exception is shown by the bill of exceptions to have been reserved to any ruling of the court on the evidence, and the few correct propositions of law contained in the refused charges (which are not numbered) are fully covered by the numerous given charges. No contention is made by argument or brief that the record contains error, and our examination fails to show any error for which the judgment of the court below should be reversed.

Affirmed.